UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LOUIS VINCE )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>RAYMOND EDWIN MABUS, JR., )<br>       Secretary of the Navy, )<br>)<br>       Defendant. )<br>) | Civil No. 12-1465 (RCL) |

## MEMORANDUM OPINION

This matter is before the Court on defendant Raymond Mabus's Motion to Dismiss, Dec. 3, 2012, ECF No. 5.  Plaintiff Louis Vince, a veteran of the United States Marine Corps, filed a Petition for Writ of Mandamus in this Court.  Pet. for Writ, Sept. 5, 2012, ECF No. 1.  Vince asks this Court to order Mabus, as Secretary of the Navy, to produce Vince's final discharge documentation.  Defendant has moved to dismiss the Petition under Federal Rule of Civil Procedure 12(b)(3) for improper venue and under Rule 12(b)(6) because, *inter alia*, res judicata bars the suit.  Upon consideration of defendant's motion [5], the plaintiff's Opposition, Jan. 14, 2013, ECF No. 8, the defendant's Reply thereto, Jan. 18, 2013, ECF No. 10, and the entire record herein, the Court will dismiss plaintiff's Petition with prejudice, as the preclusive effect of *Vince v. Mabus*, 852 F. Supp. 2d 96 (D.D.C. 2012) bars Vince's current claims.

I.   **BACKGROUND**

   A.   **Background of the Plaintiff's Previous Case**

The instant case is an extension of *Vince v. Mabus*, 852 F. Supp. 2d 96 (D.D.C. 2012), in which Vince challenged the Board for Correction of Naval Records' ("Board") rejection of his

request for a records correction. Vince enlisted in the United States Marine Corps Reserves on December 12, 1994. When Vince joined the Reserve Optional Enlistment Program, he agreed to serve six years of active duty and two years of inactive duty. His active service agreement required "attendance at…forty-eight (48) scheduled drills…and not less than fourteen (14) days…of active duty for training during each year of [his] contract." His signed enlistment agreement stated that "failure to attend drills and training periods could result in a less than honorable discharge." *Vince*, 852 F. Supp. 2d at 98.

For the first few years of the contract, Vince met his training and drill requirements. In August 1997, Vince's wife was diagnosed with cancer. Vince allegedly requested leniency from his commanding officers regarding completing the required drills, but his command was unwilling to accommodate him. Vince missed several drills to take his wife to chemotherapy. In October 2007, Vince's command warned him that his unauthorized absences could result in administrative separation. Vince continued to miss drills in 2008, and as a result Vince's commanding officer commenced separation proceedings. *Id.*

On December 14, 1998, Vince was administratively separated from the USMCR and the characterization of his separation was "Under Other Than Honorable Conditions."[1] Nine years later, Vince requested and received a copy of his military personnel records. He then filed a request with the Board for Correction of Naval Records to upgrade his discharge to "Honorable." In his request, Vince asserted that (1) he missed drills in order to care for his cancer-stricken

---

[1] In the Navy, there are three kinds of administrative discharges. 32 C.F.R. § 724.109. An "Honorable" discharge is "contingent upon proper military behavior and performance of duty." 32 C.F.R. § 724.109(a)(1). A discharge "Under Honorable Conditions," also known as a "General Discharge," is "contingent upon military behavior and performance of duty which is not sufficiently meritorious to warrant an Honorable Discharge." 32 C.F.R. § 724.109(a)(2). A discharge "Under Other Than Honorable Conditions" is "issued to terminate the service of a member of the naval service for one or more of the reasons/basis listed in the Naval Military Personnel Manual, Marine Corps Separation and Retirement Manual and their predecessor publications." 32 C.F.R. § 724.109(a)(3). There is a stigma associated with General and Other Than Honorable discharges. *See, e.g.*, *Kauffman v. Sec'y of the Air Force*, 415 F.2d 991, 995 (D.C. Cir. 1969); *Martin v. Donley*, 886 F. Supp. 2d 1, 10 (D.D.C. 2012).

wife; (2) the separation process was improper because he never had the opportunity to speak on his behalf nor is there a separation letter in his file; and (3) he should receive clemency because he serves the county as a law enforcement officer. *Id*. at 98–99.

The Board rejected Vince's request to review and re-characterize his separation characterization. The Board issued a two-page letter stating its decision and explaining that although some text in Vince's military record was illegible, the Board could read enough to determine that Vince was on notice of his requirements, that Vince did not respond to warnings, that a military lawyer reviewed a separation package, and that the characterization of Vince's discharge was normal in cases such as this. The letter also stated that missing drills in order to care for his ailing wife was not sufficient to warrant re-characterization of Vince's discharge given the three years of unsatisfactory participation. *Id*. at 99.

When Vince received the Board's adverse decision, he petitioned the Board for reconsideration. He claimed the Board's decision was infirm because the Board based its decision on incomplete and partly illegible records. In response, the Board denied Vince's application for reconsideration, explaining that he failed to submit any new material evidence with his application to warrant a different decision. Vince then filed suit against Raymond Mabus, Secretary of the Navy, in federal court under the Administrative Procedure Act ("APA"). Vince alleged that the Board's decision to deny his request was arbitrary and capricious. *Id*.

On April 19, 2010, Mabus filed a motion for summary judgment. *See* Def.'s Mot. for Summ. J., Civil No. 10-cv-00088 (RWR), ECF No. 3. Over a month passed without any response from Vince, so Judge Richard Roberts granted defendant's summary judgment motion as conceded. *See* Order, Civil No. 10-cv-00088 (RWR), June 7, 2010, ECF No. 4. Thereafter, Vince appealed. *See* Notice of Appeal, Civil No. 10-cv-00088 (RWR), Aug. 8, 2010, ECF No.

5.  Upon motion, Judge Roberts reconsidered and vacated his prior Order, thus mooting the pending appeal. *See* Minute Order, Civil No. 10-cv-00088 (RWR), Mar. 28, 2011; Order of USCA, Civil No. 10-cv-00088 (RWR), July 6, 2011, ECF No. 18. After vacating his earlier Order, Judge Roberts then considered the merits of the defendant's summary judgment motion.

In a written opinion, Judge Roberts granted summary judgment to the defendant, Raymond Mabus. *Vince*, 852 F. Supp. 2d 98. Reviewing the decision of the Board under a deferential standard, Judge Roberts decided the Board's decision was not arbitrary or capricious. He determined that the "Board's decision addresses all of Vince's arguments and gives the Board's reasons for its ultimate conclusion." *Id*. at 101. Rejecting Vince's argument that the Board relied on an incomplete record—Vince had complained that the administrative record did not include his official final discharge documentation—Judge Roberts found that the administrative record included "ample documented instances of Vince's unsatisfactory performance" and sufficient evidence to support the Board's decision. *Id*. This opinion constituted final judgment and Vince did not appeal.

B.   **Background of the Plaintiff's Present Case**

Approximately six months after Judge Roberts entered final judgment in 10-cv-00088, Vince filed a new action in federal district court. In the instant case, brought as a Petition for Writ of Mandamus, Vince asks the Court to order defendant Raymond Mabus, Secretary of the Navy, to produce a final and official copy of Vince's discharge documents. Pet. for Writ of Mandamus, Civil No. 12-cv-01465 (RCL), Sept. 5, 2012, ECF No. 1. The military uses form DD-214 as its official discharge form. *Id*. at 2. Despite requesting his final DD-214 at least seven times from 2007 to 2012, *id*. at 1–3, Vince claims he never received his final discharge papers. Instead, Vince received a non-final DD-214 that clearly indicated that "This is Not a

Final Discharge." *Id*. (*quoting* Ex. A to Pl.'s Pet. for Writ).  Vince argues that "the Navy has a preemptory, non-discretionary duty" to provide a veteran his final DD-214 form.  *Id*. at 4.  Vince urges this Court to order the Navy to perform a clear and mandatory duty, and either produce Vince's final DD-214 or explain why it cannot produce it.  *Id*. at 5–7.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(3) states that the court will dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum.  FED. R. CIV. P. 12(b)(3).  In considering a Rule 12(b)(3) motion, the court accepts as true the plaintiff's well-pled factual allegations regarding venue, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor.  *2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*, 148 F.Supp.2d 50, 54 (D.D.C. 2001).  To prevail, the defendant must present facts that will defeat the plaintiff's assertion of venue.  *Id*.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  To satisfy this test, a complaint must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009), and grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  However, a court may not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in

the complaint." *Id.* In other words, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B. Writ of Mandamus

Under 28 U.S.C. § 1361, "district courts…have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The writ of mandamus is "an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *see also Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) ("The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances."). Mandamus is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Del. Cnty. Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983). The party seeking mandamus must show that "its right to issuance of the writ is clear and indisputable." *Gulfstream*, 485 U.S. at 289 (internal quotations and citations omitted).

### C. Res Judicata

Under the doctrine of res judicata, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action." *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004). The doctrine embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Comms. Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting RESTATEMENT (SECOND) OF JUDGMENTS 6 (1982) (emphasis in original)). As such, it promotes the "purpose for which civil courts have

been established, the conclusive resolution of disputes within their jurisdictions." *Montana v. United States*, 440 U.S. 147, 153 (1979).

"Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (*quoting Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). Courts make such a determination by looking at "'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 n.5 (D.C. Cir. 1983) (*quoting* 1B MOORE'S FEDERAL PRACTICE ¶ 0.410[1] (2d ed. 1983)). The D.C. Circuit's "transactional" approach "reflects a trend 'in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'" *U.S. Industs. Inc. v. Balke Constr. Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (*quoting* 1B MOORE'S FED. PRAC. ¶ 0.410[1]).

Res judicata is an affirmative defense that a defendant generally pleads in his answer. Defendant may also raise res judicata in a pre-answer Rule 12(b)(6) motion when "all relevant facts are shown by the court's own records, of which the court takes notice." *Evans v. Chase Manhattan Mortgage Corp.*, No. 04-2185, 2007 WL 902306, at *1 (D.D.C. Mar. 23, 2007). A court may take judicial notice of public records from other proceedings. *See, e.g., Covad Comms. Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

### III.  DISCUSSION

#### A.  Jurisdiction and Venue

The Court has jurisdiction, under 28 U.S.C. § 1361, to hear this petition for a writ of mandamus. The plaintiff claims that venue is proper in the District of Columbia under 28 U.S.C.

§ 1391(e)(1), owing to the allegation that defendant "is an Agency of the United States, located in the District of Columbia, and a substantial part of the events or omissions giving rise to the claim occurred within the District of Columbia." Pet. for Writ 1.  Defendant argues that venue is improper in this District, as "the Secretary of the Navy, the named defendant in this action, resides at the Pentagon in Arlington, Virginia." Def.'s Mot. Dismiss 4 (*citing Monk v. Secretary of the Navy*, 793 F.2d 364, 369 n.1 (D.C. Cir. 1986). The defendant further states that "[n]one of the events stated in the complaint occurred in the District of Columbia." *Id*.

This Court will not dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). "Courts have consistently allowed the Secretary of the Navy to be sued in the District of Columbia because he performs a significant amount of his official duties in this jurisdiction." *Smith v. Dalton*, 927 F. Supp. 1, 6 (D.D.C. 1996).

    **B.**    **Plaintiff's Petition for Writ of Mandamus is Barred by Res Judicata**

This Court will grant defendant's Rule 12(b)(6) Motion to Dismiss because res judicata precludes the plaintiff's present claims.  Vince has repeatedly raised the issue of his file "missing" a final DD-214 form in his earlier action, 10-cv-00088, and in the administrative proceedings that were the subject of 10-cv-00088.  In February 2008, Vince filed a Request for Correction/Upgrade of Military Records. *See* Administrative Record to 10-cv-00088 (RWR) 61–65 ("Prior Case AR"), Apr. 19, 2010, ECF Nos. 3-2–5.  Therein, Vince argued that after he received a copy of his personnel records, he found "no letter confirming his separation from the military." Prior Case AR 62.  He claimed he "was never discharged appropriately; there is no separation letter in his file." *Id*. at 63.  Yet again, Vince stated that his personnel record "does not have a copy of a separation letter." *Id*. at 64.  Concluding his correction request, Vince remarked that his "record does not appear to contain a separation letter." *Id*. at 65.  Vince

brought up the separation letter four times in his four-and-a-half page corrections request.  The missing letter was key to his records correction request—he argued that since his personnel file did not contain a final DD-214, he was discharged wrongfully.  *Id*. at 63–64.

The Board denied Vince's records correction request and declined to reconsider its denial.  Thereafter, Vince brought suit in federal court (in an action also against Raymond Mabus) claiming that the Board's decision was arbitrary and capricious.  In that action, Vince alleged that the Board's decision was "contradicted and unsupported by Plaintiff's military personnel file."  Compl. ¶ 23, Civil No. 10-cv-00088 (RWR), Jan. 19, 2010, ECF No. 1.  In his briefing, Vince expanded on this argument and stated that there was "evidence in the administrative record indicating that Mr. Vince was not discharged appropriate [*sic*] (namely, the LACK of a separation letter in his file)."  Pl.'s Opp'n to Def.'s Mot. Summ. J. 2, Civil No. 10-cv-00088 (RWR), Apr. 19, 2011, ECF No. 17 (emphasis in original).

According to Vince, in the course of the prior administrative and civil proceedings he asked the government for form DD-214 at least seven times.  In December 2007, he requested from the National Personnel Records Center "his separation documents and personnel records."  Pet. for Writ 1.  In April 2008, Vince tried to obtain his final DD-214 from the Naval Discharge Review Board.  *Id*. at 3.  Vince "through counsel, requested copies of the DD-214 from the government attorney in the civil actions on, *inter alia*, February 21, March 31, May 3, July 5, and August 2, 2012."  *Id*.  In the course of the prior action, 10-cv-00088, Vince repeatedly requested his final DD-214 and raised the issue of his "missing" final separation document.

In his present Petition for Writ of Mandamus, Vince asks for his "final" DD-214, with the assumption that such a document exists.  However, in the course of the prior administrative and civil proceedings, the Navy claimed that had no such document.  On December 3, 2007, the

9

National Personnel Records Center sent a letter to Vince which stated: "A DD Form 214, *Report of Separation*, was not issued because [Vince] had no active service or less than 90 consecutive days of active duty for training." Prior Case AR 85. This Court will not revisit whether the Navy was right to give this response. As evident in the record of 10-cv-00088, the subject of whether some pivotal discharge document—to which Vince was entitled—was missing from Vince's personnel file came before the Navy Records Correction Board and Judge Roberts. Prior AR 61–65; Pl.'s Opp'n to Def.'s Mot. Summ. J. 2. Neither the Board nor Judge Roberts found availing Vince's arguments that he was entitled to a final DD-214, and absent one he was unlawfully given a Less Than Honorable discharge. Prior Case AR 98–99; *Vince v. Mabus*, 852 F. Supp. 2d at 101. The present mandamus petition, which assumes that such a final DD-214 exists (or should exist) for Vince, is a backdoor way to challenge the Navy's response that it issued no final DD-214 because Vince had insufficient active duty or training, and to challenge the Board and Judge Roberts's rulings that the documents included in Vince's file were sufficient to sustain his separation and discharge characterization. Vince's arguments that he was entitled to an official DD-214 form, and the Navy's response thereto, were considered as part a civil case in which final judgment has been entered.

Vince argues that "the present action is not barred by res judicata because it does not concern the same claim or cause of action as Mr. Vince's prior actions." Pl.'s Opp'n to Def.'s Mot. Dismiss 3 (emphasis omitted). He claims the "Petition for Mandamus does not arise from any issues litigated previously or any of the facts relied on by the court(s) in denying…relief," but instead "concerns an ongoing non-discretionary duty to provide [ ] Vince with his final DD form 214 so that he may have accurate records of his service." *Id*. at 4. He elaborates:

> Mr. Vince was not only entitled to the DD Form 214 at the time of discharge, but also at *any time in the future upon written request*. While the prior actions arose

> from Mr. Vince's alleged improper discharge and/or discharge characterization, this action arises from the Agency's failure to provide him with documentation to which he is entitled to receive at any time.

*Id*. at 5 (emphasis in original). His earlier case concerned challenging a discretionary action of the Board—correcting military records—while this case concerns an ongoing and non-discretionary duty owed by the defendant—providing official separation documents. *Id*.

This argument is unpersuasive. The question is not whether the cause of action in this case is identical to the cause of action in the prior case. *See Apotex, Inc. v. F.D.A.*, 393 F.3d 210, 217–18 (D.C. Cir. 2004) (issue is not whether causes of action are "identical"; plaintiff cannot bring new suit by "simply raising new legal theory"). Instead, a court should consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." 1B MOORE'S FED. PRAC. § 0.410[1]. Vince had his chance, in the prior proceedings, to press his entitlement to final separation papers. Re-characterizing this dispute as an issue of "mandamus" does not entitle him to another bite at the apple. *Cf. Smalls v. United States*, 471 F.3d 186, 192–93 (D.C. Cir. 2006) ("Under the transactional approach to determining whether two suits involve the same cause of action, the cause of action consists of all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." (internal citations and quotation marks omitted)); *Havens v. Mabus*, 892 F. Supp. 2d 303, 313 (D.D.C. 2012) ("The claim plaintiff seeks to bring here concerns exactly the same events that he challenged in the Court of Federal Claims—his discharge from active duty and the subsequent decision of the Physical Evaluation Board that found plaintiff not physically qualified for active duty. So regardless of the fact that this challenge seeks review of an agency decision under the APA and the Constitution, whereas the

previous challenge sought monetary benefits, the two cases involve the same cause of action as contemplated under the doctrine of res judicata.").[2]

The issue of the "missing" DD-214 was integral to Vince's earlier proceedings. He argued that his discharge was unlawful absent final discharge papers to which he was entitled, and thus a correction was needed to upgrade his discharge characterization. Prior Case AR 61–65. Vince asked for his DD-214 several times before, and during, the prior APA case. Pet. for Writ 1–3. He could have brought any claims relating to the non-production of his DD-214 during that case. *See Drake*, 291 F.3d at 66 ("[U]nder res judicata, 'a final judgment on the merits of an action precludes the parties…from relitigating issues that were or *could have* been raised in that action.'") (*quoting Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (emphasis in original). Judge Roberts would have had jurisdiction to hear those issues as part of the earlier case. Prior to bringing suit, Vince had twice unsuccessfully requested a final DD-214, and had received the Navy's response that it did not produce a final DD-214 for him. *See* Pet. for Writ 1–3; Ex. A to Pet. for Writ. His claims are not "based on facts not yet in existence at the time of the original action." *Drake*, 291 F.3d at 66.

Vince cannot manufacture new "facts not yet in existence at the time of the original action," *id.*, by simply requesting his final discharge papers anew. Whether the Navy should have provided Vince a final DD-214 after his discharge (or his December 2007 personnel records request) is a matter Vince could have joined in the prior action, as it arose out of the same transaction at issue in the earlier case. Subsequent, repetitive requests do not create "new" transactions for the purpose of evading preclusion. *See Keys v. Dep't of Homeland Sec.*, 2009

---

[2] Vince cited both of these cases for support. Pl.'s Opp'n to Def.'s Mot. Dismiss 3. As seen *supra*, these cases do not support his position.

WL 614755, *3–*4 (D.D.C. Mar. 10, 2009) (in Freedom of Information Act action, repetitive post-suit requests were barred by res judicata).

Vince claims—in a Sur-Reply impermissibly filed without requesting leave of court—that he "could not have raised the present Mandamus action at the same time as his prior litigation." Pl.'s Sur-Reply 3, Feb. 7, 2013, ECF No. 11. A court can only grant mandamus relief where "there is no other adequate remedy available to the plaintiff." *In re Medicare Reim. Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005). Vince argues, "while [his] action for re-characterization of his…discharge was pending, an adequate remedy, i.e., upgraded discharge and documentation there of [*sic*], remained available to Mr. Vince." Pl.'s Sur-Reply 3.

This argument is self-defeating. Elsewhere, Vince distinguishes his records *correction* request from his records *production* request. He claim he does not seek his DD-214 merely to challenge, yet again, his discharge characterization. Instead, form DD-214 is "important during a member's transition to civilian life," and assists in "in employment placement," "job counseling," and administering benefits. Pl.'s Opp'n to Def.'s Mot. Dismiss 4–5 (internal citations and quotation marks omitted). The form has independent value, and "[w]hile the prior actions arose from Mr. Vince's alleged improper discharge…, this action arises from the Agency's failure to provide him with documentation to which he is entitled to receive at any time." *Id*. at 5. If this is so, then how would a favorable ruling on his APA claims provide an adequate remedy?[3] Vince's Writ of Mandamus concerns the production of a particular document; the available remedy is ordering the production of a final DD-214 form for Vince. If the Court could have resolved Vince's APA case in a way that required production of the form—

---

[3] Furthermore, Vince's arguments about the Navy's mandate to provide a final DD-214 and the form's importance assume either that the form exists or that Vince is entitled to one. As discussed *supra*, this challenges the Navy's statement in 2007 that it did not prepare a final DD-214 for Vince—an issue raised and considered in the course of the prior litigation.

providing an adequate remedy for his mandamus claims—then his current request for his separation papers was part of that earlier APA case. On the other hand, if the "adequate remedy" sought was the correction/upgrade of his discharge classification, then the mere production of form DD-214 has no independent value to Vince and cannot form the basis of a separate action.

The record contained in Civil No. 10-cv-00088 makes clear that Vince thought some "missing" separation document was key to that case. He argued that his service entitled him to a final DD-214, and the form's absence demanded correction of his discharge records and a reversal of the Board's adverse decision. *See* Prior Case AR 61–65; Pl's Opp'n to Def.'s Mot. Summ. J. 2. His current dispute about his right to a final DD-214 clearly arises out of the same 'nucleus of facts' as the earlier case. Vince should have and could have raised these disputes—including requesting a court order that he was entitled to a final DD-214—in the prior litigation. Vince cannot sit on his mandamus claims and only raise them after he suffered an adverse decision in *Vince v. Mabus*, 852 F. Supp. 2d 96.

This Court will dismiss the action with prejudice. The court may dismiss a claim with prejudice when amending the complaint would be futile. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (dismissal with prejudice appropriate when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency") (internal punctuation omitted); *Carty v. Author Solutions, Inc.*, 789 F. Supp. 2d 131, 135–36 (D.D.C. 2011) (dismissal with prejudice appropriate when "amended complaint would suffer from the same flaw as the original complaint"). To evade claim preclusion and survive a subsequent motion to dismiss, the plaintiff would need to draft an essentially different complaint, making amendment futile. If a court dismisses a claim with prejudice, res judicata blocks refiling that claim. *Ciralsky v. C.I.A.*, 355 F.3d 661, 669–70 (D.C. Cir. 2004). This Court will dismiss

Vince's claims with prejudice—to make clear that res judicata applies to this Court's ruling that res judicata applies to Vince's mandamus claims.

## IV.     CONCLUSION

In his efforts to have the Navy upgrade his "Under Other Than Honorable Discharge" separation classification to "Honorable," plaintiff has repeatedly raised the issue of his "missing" DD-214 form. He did so in his records correction application to the Board for Correction of Naval Records. He did so in federal district court when challenging the Board's decision to deny his request as arbitrary and capricious. During the course of the prior civil and administrative proceedings, Vince requested his final DD-214 form from the government at least seven times, arguing that he was entitled to a final DD-124. His current action—a petition for a writ of mandamus ordering the production of his final discharge papers—arises from the same nucleus of facts as the prior case, and is therefore precluded by res judicata. This Court will grant defendant's Rule 12(b)(6) motion and dismiss plaintiff's petition for a writ of mandamus with prejudice.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on July 24, 2013.